RICHARD E. DONALDSON, ESQ., CHTD.
RICHARD E. DONALDSON, ESQ.
Nevada Bar No. 1095
Quail Park I
801 South Rancho Drive, #E-3B
Las Vegas, NV 89106
(702) 382-6370
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

CHRISTINE JOHNSON             )
                              )
                              )
            Plaintiff,        )
                              )
vs.                           )
                              )   CIVIL ACTION NO. 2:07-cv-01509-PMP-PAL
                              )
MICHAEL ASTRUE,               )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
            Defendant.        )

**REQUEST AND MOTION TO ISSUE SEPARATE JUDGMENT**

Plaintiff Christine Johnson requests this honorable court to issue a Judgment in a Civil Action set out in a separate document pursuant to F.R.C.P. Rule 58 (a), (d) and the judicial review provisions of the Social Security Act. ("Act") 42 U.S.C. § 405(g) (Sentence Four).

**1.    Summary of this Memorandum.**

On May 24, this Court affirmed the Magistrate Judge's Report and Recommendation (MRR)[1] finding that the Commissioner's decision to deny disability benefits to Christine Johnson was unsupported by substantial evidence and the product of legal error. The Order also adopted Judge Leen's recommendation to reverse and remand the case to the

---

[1] Findings and Recommendation of the Honorable Peggy A. Leen, United States Magistrate Judge (Doc. #31), filed on April 28, 2010.

Page 1 of  7

1  Commissioner for payment of benefits.

2       When the Commissioner of Social Security's application of law is faulty and the
3  Agency decision is not supported by substantial evidence, the fourth sentence of the first
4  part of 42 U.S.C. § 405(g) authorizes a reviewing court to reverse the decision and remand
5  the case to the Agency. This is known as a "Sentence Four" remand that either directs the
6  Agency to pay benefits or to conduct further proceedings. All Sentence Four remands must
7  be preceded by a judgment in a separate document. See *infra* at pp. 3-5. Since the remand
8  order in this case is authorized by Sentence Four, a separate judgment should issue. In
9  particular:

10  a.) This Court's Order Affirming Magistrate Judge Peggy Leen's Report and
11      Recommendation constitutes a Sentence Four reversal since administrative decisions
12      are unsupported by substantial evidence or are the product of legal error are
13      exclusively authorized by Sentence Four of Title 42 U.S.C. §405(g); [2]

14  b.) This Court's Order Affirming Magistrate Judge Leen's Report and Recommendation
15      necessarily adopts Judge Leen's explicit directive to enter judgment in Ms. Johnson's
16      favor; MRR p. 38.

17  c.) According to the Supreme Court, [3] the judicial review provisions of the Act make the
18      entry of a separate judgment an indispensable prerequisite to any Sentence Four
19      remand;

20  d.) Rule 58(a) of the Federal Rules of Civil Procedure provides that [except in certain

---

[2] *Shalala v. Schaefer,* 509 U.S. 292, 297-98, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). [In an action to review denial of social security disability benefits, a district court may only remand either in conjunction with judgment affirming, modifying, or reversing administrative decision (Sentence Four), or in light of additional evidence, without making substantive ruling as to correctness of decision, if claimant shows good cause for failing to present evidence earlier (Sentence Six).]

[3] The Supreme Court has held "[t]hat in § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with Sentence Four, or conform with [501 U.S. 102] the requirements outlined by Congress in sentence six." *Melkonyan v. Sullivan* 111 S.Ct. 2157, 2159 (1991).

1     circumstances] "Every judgment and amended judgment must be set out in a

2     separate documen[t]";

3 e.) A separate judgment makes the decision of this court final and appealable and is

4     therefore necessary to terminate the litigation.

5     A separate judgment is also relevant for a number of other purposes, including the type of showing necessary to obtain a remand, the procedures that follow the remand, and the ability to receive an award of attorneys fees under the Equal Access to Justice Act (EAJA). See *infra* at pp. 5-6.

**1.  Background**.

    Plaintiff filed a civil action seeking judicial review of the Agency's adverse decision in her claim for Social Security Disability benefits (Docket # 1). Ms. Johnson claimed in her Motion for Reversal that the denial decision was unsupported by substantial evidence or free of reversible legal error (Docket ## 20, 26). The Commissioner opposed (Defendant's Answer, Docket # 15, and Response to Motion to Remand #25).

    The matter was assigned to Magistrate Judge Peggy A. Leen who examined the record and issued a Report and Recommendation finding that the administrative decision was not supported by substantial evidence (MRR [# 31], p. 38). Judge Leen made several recommendations; among them, a reversal of the Agency's decision and a remand for payment of benefits, specifically:

    1.    Johnson's Motion to Remand and Reverse (Dkt. #20) be GRANTED, and the ALJ's decision reversed and this case REMANDED pursuant to Sentence Four of 42 U.S.C. § 405(g) for the calculation and award of benefits, and JUDGMENT be entered in Johnson's favor.

    2.    The Commissioner's Motion to Remand (Dkt. #25) be DENIED.

    3.    Johnson's Motion to Strike (Dkt. #28) be DENIED.

MRR p. 38.

This Court affirmed the Report and Recommendation by Order dated May 24, 2010 remanding the cause to the Agency with instructions to proceed in a manner consistent with Judge Leen's Recommendation (Docket #32). Undersigned counsel phoned the Court Clerk yesterday, May 25, 2010 and was advised that no final judgment would be issued by the Clerk in this case unless ordered to do so by the Court. Plaintiff files this Request and Motion in order to comply with the Court Clerk's notification.

**2.   A Separate Judgment Is Mandated by Statute, by Court Rules, by Decisions Rendered by the US Supreme Court and by this Court's Order.**

   *a.   Federal Statutory Authority.*

Judicial review of a denial of Social Security benefits is authorized by 42 U.S.C. § 405(g). The first two sentences of Section 405(g) provide, in relevant part, that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff reside[s]."

The statute also allows the District Court to remand a case to the Commissioner pursuant to Sentence Four or Sentence Six, of Title 42 U.S.C.§ 405(g). The fourth and sixth sentences of Section 405(g) are the exclusive methods by which district courts may remand a case to the Social Security Administration.

Stated another way, a district court may remand a case to the Commissioner in only two situations:

b.)   In conjunction with a judgment affirming, modifying, or reversing an administrative decision [pursuant to Sentence Four], [4] or

c.)   In light of additional evidence, without making a substantive ruling as to correctness

---

[4] Sentence Four of 42 U.S.C. § 405(g) provides: [t]he court shall have the power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

of decision, if the claimant shows good cause for failing to present the evidence earlier [pursuant to Sentence Six].

      *d.*     *US Supreme Court Decisions.*

The Supreme Court has held that a remand granted under Sentence Four of 42 U.S.C. § 405(g) must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with Sentence Four, or conform with [501 U.S. 102] the requirements outlined by Congress in sentence six. See *Shalala v. Schaefer*, 509 U.S. 292, 297-98, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Sullivan v. Finkelstein*, 496 U.S. 617, 625, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990).

The significant role that Sentence Four plays in the remand of this case is the determination of the date the judgment becomes final and whether the District Court retains jurisdiction pending the completion of further administrative proceedings. Sentence Four plainly authorizes a district court to enter a judgment "with or without" a remand order. It does not authorize a remand order "with or without" a judgment. See *Sullivan v. Finkelstein*, 496 U.S. 617, 629, 110 S.Ct. 2658, 2666, 110 L.Ed.2d 563 (1990). A court may not "retain jurisdiction" under Sentence Four of 405(g). Immediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings) distinguishes a Sentence Four remand from a Sentence Six remand. See *Melkonyan*, 501 U.S., at 101-102, 111 S.Ct., at 2164-2165. The significant distinction between Sentence Four and Sentence Six is that an order authorized by Sentence Four does not terminate the civil action and is not final until the issuance of a final judgment.

      *e.*     *The Provisions of the Magistrate Judge's Report and Recommendation.*

Judge Leen's Recommendation recognizes the necessity of issuing a final judgment by stating that in addition to remanding this case pursuant to Sentence Four of 42 U.S.C. § 405(g) for the calculation and award of benefits, a "JUDGMENT be entered in Johnson's favor." MRR, p. 38.

1      *f.    The Federal Rules of Civil Procedure.*

The Federal Rules of Civil Procedure defines a "judgment" as a "decree and any order from which an appeal lies." A final judgment must also be set forth on a separate document and becomes effective only when entered in the civil docket according to Rule 79(a).[5] Fed.R.Civ.P. 58. (2001). A party has sixty days to appeal following the entry of judgment in an action against a federal agency. Fed. R.App. P. 4(a). Taken together, these rules require that a final judgment be entered as a separate document signifying the end of the litigation and the beginning of the time period that permits a party to appeal. *Dinunzio v. Apfel*, 101 F.Supp.2d 1028, 1031 (N.D.Ill.2000).

## 3. This Case Requires a Final Judgment for Purposes of an Application for Fees under the Equal Access to Justice Act.

The Equal Access to Justice Act (EAJA) permits a prevailing party to recover attorney's fees unless the government's position was substantially justified or special circumstances make the award of fees unjust. 28 U.S.C.A. § 2412 *et seq*. A plaintiff who obtains a Sentence Four remand is considered a prevailing party for purposes of attorneys' fees. *Schaefer*, 509 U.S. at 301-02, 113 S.Ct. 2625. This is so even when the case has been remanded for further administrative action. Id. at 297-98, 113 S.Ct. 2625. A party seeking an award of attorney's fees and other expenses must submit an application within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). A "final judgment" for purposes of § 2412(d)(1)(B) is a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. *Melkonyan* at 501 U.S. 89, 96, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

The filing period for attorney's fees and expenses under the EAJA begins after final judgment is entered by a court and the appeal period has run. Therefore, the sixty-day

---

[5] Federal Rule of Civil Procedure 58 was amended effective December 1, 2002. It now provides that if a judgment requires a separate document, the judgment is deemed "entered" 150 days after it is entered in the civil docket under Rule 79(a) even though no separate document is issued. Fed.R.Civ.P. 58(b)(2)(B).

Page 6 of 7

period [for actions against Federal Agencies] provided by the EAJA will not begin to run until the entry of judgment. *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Any application for EAJA fees in the absence of a judgment would be premature.

**4.     Conclusion.**

Endless delay has become an unavoidable fact of life for claimants dealing with the Social Security system. Should the Court not issue a judgment as requested, the claimant will be forced to wait six additional months before the Agency will be required to take action. See fn. 5, *supra*. Months may pass while the Office of Disability Adjudication and Review (ODAR) awaits a judgment in anticipation of plaintiff's motion for attorney's fees. More months will likely pass while the claimant waits in line until her case is processed and the amount of her benefits is calculated.

Lengthy delay conflicts with the statutory purposes and provisions of the Social Security and Administrative Procedure Acts that require that the Agency act with reasonable dispatch. Considering the governing law and the explicit terms of the Magistrate Judge's Report and Recommendation in this case, this Court should direct the Court Clerk to issue a separate judgment to accompany its Order affirming Judge Leen's Report and Recommendation.

RESPECTFULLY SUBMITTED this 25th day of May, 2010.

RICHARD E. DONALDSON, ESQ., CHTD.

_____*E. Donaldson, Esq.*_____
Richard E. Donaldson, Esq.
Attorney of Record for Christine Johnson

IT IS SO ORDERED.  The clerk is directed to enter a Judgment as indicated.

_____
PHILIP M. PRO, U.S. DISTRICT JUDGE
DATED:  June 14, 2010